|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | IN THE UNITED STATES DISTRICT COURT | |
| 9 | FOR THE EASTERN DISTRICT OF CALIFORNIA | |

WARREN WONG, et al.,

      Plaintiff,                      Civ. No. S-04-0039 JAM KJM PS

      vs.

CITY OF STOCKTON, et al.,

      Defendants.                <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff trust's motion to clarify ambiguity in judgment and to reopen the case is pending before the court. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Plaintiff trust moves to clarify an alleged ambiguity on the face of the judgment entered herein on December 22, 2004. The trust contends the judgment is ambiguous as to whether the action also was dismissed with prejudice as against the trust. There is no ambiguity. The entire action was dismissed with prejudice, by order signed December 22, 2004 and judgment entered accordingly. There is no ambiguity when the entire action is dismissed. Dismissal was entered as against all plaintiffs and the position of the plaintiff trust in this regard is meritless.

1

Plaintiff trust also contends the trustee could not represent the trust in pro per. All documents filed by plaintiff in this action were always filed on behalf of both plaintiff Warren Wong, individually and as trustee of the Wong Family Trust. Defendants now have submitted a copy of the trust document. Plaintiff was the beneficial owner of the trust property and accordingly can be considered to have been litigating his own case personally within the meaning of 28 U.S.C. section 1654. See Maisano v. Welcher, 940 F.2d 499, 501 (9th Cir. 1991). Plaintiff trust also contends this court did not have jurisdiction over the subject matter of the trust's federal claims because of failure to exhaust a claim of regulatory taking. That contention is meritless in light of plaintiff's position taken in state court, and upheld by the State Court of Appeals, that the City's actions constituted a physical taking. There is no basis for reopening this case.

On April 9, 2009, defendants filed objections to what they describe as an ex parte communication by plaintiff's counsel with the court. At the time of issuance of this order, the undersigned has not received any such communication. If such a communication is conveyed to the undersigned, it will be made a matter of record on the docket of this case and disregarded.

Accordingly, IT IS HEREBY RECOMMENDED that the motion of plaintiff trust to clarify ambiguity in judgment and to reopen the case be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

/////

/////

/////

1 that failure to file objections within the specified time may waive the right to appeal the District
2 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: April 15, 2009.

_____
U.S. MAGISTRATE JUDGE

006
wong-stockton.57

3